NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: STEPHEN LAW, | No. 09-60046 |
| Debtor, | BAP No. 09-1077-PaMkH |
| STEPHEN LAW, | MEMORANDUM* |
| Appellant, | |
| v. | |
| ALFRED H. SIEGEL, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Markell, and Hollowell, Bankruptcy Judges, Presiding

Submitted May 24, 2011**

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Stephen Law, a Chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's orders surcharging Law's homestead exemption and imposing discovery sanctions. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law and for clear error its factual findings. *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004). We review for an abuse of discretion the imposition of discovery sanctions. *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1156 (9th Cir. 2003). We affirm.

The BAP properly affirmed the bankruptcy court's order granting the trustee's surcharge motion because the surcharge was calculated to compensate the estate for the actual monetary costs imposed by the debtor's misconduct, and was warranted to protect the integrity of the bankruptcy process. *See Latman*, 366 F.3d at 786 (recognizing inherent power of bankruptcy courts to equitably surcharge a debtor's exemption to protect integrity of the bankruptcy process and to ensure that debtor does not exempt amount greater than allowed under Bankruptcy Code); *see also Onubah v. Zamora (In re Onubah)*, 375 B.R. 549, 556 (9th Cir. BAP 2007) (a surcharge should be calculated to compensate the estate for the actual monetary costs imposed by the debtor's misconduct).

09-60046

The BAP properly affirmed the bankruptcy court's order imposing discovery sanctions on Law, in light of Law's refusal to comply with the trustee's permissible discovery requests in a contested matter. *See* Fed. R. Bankr. P. 9014 (Bankruptcy Rules 7028-7037 apply in contested matters); Fed. R. Bankr. P. 7030 (permitting depositions as outlined in Fed. R. Civ. P. 30); Fed. R. Bankr. P. 7034 (providing for requests for production of documents as outlined in Fed. R. Civ. P. 34).

Law's remaining contentions are unpersuasive.

**AFFIRMED.**